Charles J. Beckinella, J.
This memorandum is a statement of the reason why this court has not granted an ex parte application for an “ order amending notice of pendency of action ”.
*912 Plaintiff’s attorney urges that an amended notice of pendency is required to be filed in this action because of the language of section 6512 of the Civil Practice Law and Buies.
The first sentence of section 6512 of the Civil Practice Law and Buies is the material part of the section. It provides: “ A notice of pendency filed before an action is commenced is effective only if, within thirty days after filing, a summons is served upon the defendant or first publication of the summons against the defendant is made pursuant to an order and publication is subsequently completed.”
Plaintiff’s attorney contends that the import of this provision is that in an action in which a notice of pendency is filed before the action is commenced, and there are multiple defendants, all the defendants must be served within 30 days after the notice of pendency is filed, otherwise the notice of pendency is not effective.
Section 6512 of the Civil Practice Law and Buies was derived from section 120 of the Civil Practice Act. As far as is material here, that section provided for the filing of a notice of pendency before service of a summons but in such case personal or substituted service of the summons had to be made “ upon a defendant within sixty days after the filing ’ ’. As far as the instant application is concerned, the germane difference between section 6512 of the Civil Practice Law and Bules and section 120 of the Civil Practice Act is that section 6512 requires service upon “ the defendant ” while section 120 required service upon “ a defendant ”. The question is whether the change from “ a ” to “ the ” requires service upon all defendants within 30 days for the notice of pendency to be effective. After reviewing the reports issued at various stages of the development of the Civil Practice Law and Buies the court has concluded that the words “ the defendant ” in section 6512 do not require all the defendants to be served within 30 days after filing the notice of pendency. (See Third Preliminary Beport of Advisory Comm, on Practice and Procedure [1959], p. 381; Fifth Preliminary Beport to Legislature by Sen. Fin. Comm. [1961], p. 724; Sixth Beport to Legislature by Sen. Fin. Comm. [1962], p. 607.) There is nothing in any of the above reports indicative of an intention to change the practice that prevailed prior to the effective date of the Civil Practice Law and Bules, so as now to require service of a summons on all defendants.
The change from “ a defendant ” to “ the defendant” came about because section 6512 was redrafted to conform with present section 6213 of the Civil Practice Law and Buies. (Fifth Preliminary Beport, supra, p. 725.) That section provides that *913 ‘ ‘ An order of attachment granted before an action is commenced is valid only if, within thirty days after the order is granted, a summons is served upon the defendant or first publication of the summons against the defendant is made pursuant to an order
The language used in section 6213 of the Civil Practice Law and Rules is not so precise as the language used in its source, section 905 of the Civil Practice Act. That section read: “If the warrant be granted before the summons is served, personal service of the summons must be made upon the defendant against whose property the warrant is granted, within thirty days after the granting thereof ”. The fact that section 6213 of the Civil Practice Law and Rules was not drafted as precisely as its source will not create any question as to its meaning, for the defendant referred to in section 6213 must be a defendant against whose property an order of attachment is granted. Perhaps that is why the phrase “ against whose property the [order] is granted” was left out of section 6213. But when section 6512 was redrafted to conform with section 6213 it created the ambiguity brought into focus by the instant application. Since the ambiguity is the product of transposing language fairly clear in the context in which it is originally used but not so clear in the context to which it was transposed, the court concludes that the Legislature did not intend to require service of a summons on all defendants within 30 days after filing a notice of pendency.
Specifically the court holds that every time the word “ the ” precedes the word ‘ ‘ defendant ’ ’ in section 6512 of the Civil Practice Law and Rules the word “the” is construed to mean “ a ”.